**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **YOUN JAE LEE** | ) | |
| | ) | |
| **v.** | ) | **3-08-CV-2044-D** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

Young Jae Lee seeks the issuance of a writ of *coram nobis* based upon his claim that his plea of guilty to the offense of trafficking in counterfeit goods and aiding and abetting the same in violation of 18 U.S.C. §§ 2320 and 2 in No. 3-97-Cr-388-D was not knowingly and voluntarily entered and that his retained attorney provided ineffective assistance of counsel in misrepresenting the immigration consequences of his guilty plea.

Since the terms of his sentence have expired and Lee is no longer in custody on his counterfeiting conviction, *coram nobis* is the only remedy available to raise claims of constitutional violations. A petition for *coram nobis* relief is a recognized procedural vehicle for presenting an ineffective assistance of counsel claim. *See e.g. United States v. Castro,* 26 F.3d 557, 559 (5th Cir. 1994).

On the other hand, unlike a motion filed pursuant to 28 U.S.C. § 2255 in which a person convicted of a federal crime is entitled to merits review of alleged constitutional violations, unless

subject to a limitations bar or involving an abuse of the writ, there are other factors which inform a court's exercise of discretion in entertaining a petition for writ of *coram nobis*.

In recognizing the continued viability of the ancient writ of *coram nobis* the Supreme Court emphasized that it could not be used as a substitute for appeal and should only be employed to correct errors "of the most fundamental character." *United States v. Morgan*, 346 U.S. 502, 512, 74 S.Ct. 247 (1954). The Court observed that the writ should issue only when other remedies were unavailable and when "sound reasons exist for failure to seek appropriate earlier relief." *Id.* As the Fifth Circuit noted in *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996), the writ "will issue only to correct errors resulting in a complete miscarriage of justice."

The gravamen of Lee's ineffective assistance of counsel claim is that his trial attorney, David Coody, informed him that a conviction for trafficking in counterfeit goods would not affect his status as a legal, permanent resident alien or result in his removal from the United States. Specifically he alleges that the attorney advised him that theoffense was not one categorized as a "crime involving moral turpitude" (A "CIMT"). *See* Declaration of Youn Jae Lee, executed on October 15, 2008, at ¶ 17. The record reflects that following his guilty plea he was sentenced on April 10, 1998, to a five (5) year term of probation, and a $100.00 special assessment. Among the terms of his probation Lee was ordered to make restitution in the amount of $5,479.92 in installments of at least $100.00 per month and to "<u>surrender on request</u> to a duly-authorized immigration official <u>for deportation</u> in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. §§ 1101, et seq." (Emphasis added).

Despite the fact that Petitioner was plainly put on notice that he was likely subject to

removal[1] from the United States in the written judgment entered in No. 3-97-CR-388-D as well as in the court's oral pronouncement of the sentence,, he did not raise the alleged inconsistent representations of his attorney in pleadings filed in the District Court nor did he file a direct appeal.

On April 25, 2000, Lee was arrested and served with notice that the Immigration and Naturalization Service (the "INS"), as it was then known, was initiating proceedings to remove him from the United States based upon his conviction in No. 3-97-CR-388-D. Although he contested the removal on his claim that the conviction did not constitute a crime of moral turpitude, a CIMT, he did not claim that his plea of guilty was invalid due to the misrepresentations of his trial attorney as a defense in the removal proceeding or in an action filed in federal court.[2]

After an immigration judge ordered his removal on September 26, 2001, on the basis that his federal conviction did constitute a CIMT and the Board of Immigration Appeals affirmed the judge's order on January 29, 2003, Lee filed a petition for habeas corpus relief in this court contesting the legality of the I.N.S.'s order of removal. *See Lee v. Ashcroft*, No. 3-03-CV-439-N. He claimed that the BIA incorrectly categorized his conviction as a CIMT, but he did not claim that his conviction was invalid due at least in part to the misinformation which Mr. Coody gave him. On January 14, 2004, the District Court dismissed the habeas petition for want of jurisdiction. He appealed the dismissal of his petition to the Fifth Circuit which affirmed the District Court's judgment, to wit: that habeas corpus review was not available to an alien who failed to seek direct review of a removal

---

[1]Orders removing non-citizens from the United States were formerly denominated as deportation orders.

[2]*Compare Santos-Sanchez v. United States*, 548 F.3d 327 (5th Cir. 2008) in which the alien defendant filed a petition for writ of *coram nobis* in the convicting court while a removal proceeding brought by the Department of Homeland Security was pending before an immigration judge.

order. *Lee v. Gonzales*, 410 F.3d 778 (5th Cir. 2005).

Shortly after the Fifth Circuit affirmed the dismissal of his 28 U.S.C. § 2241 petition Lee left the United States in compliance with the order of removal and returned to Korea where he resides at the present time. In his petition he represents that his family unsuccessfully sought attorneys to undertake a legal challenge to his expired conviction until he was advised by a California law firm in April 2007 that his criminal defense attorney had provided erroneous advice regarding the effect which his conviction for trafficking in counterfeit goods would have on his status as a resident legal alien. Finally, on November 4, 2008, he filed his petition for writ of *coram nobis*, initially in the closed criminal case which was subsequently opened as a new civil filing in the above docket numbered case.

Because the granting of relief pursuant to the writ of *coram nobis* runs counter to the interest in the finality of judgments after direct and collateral avenues of review have been exhausted or are no longer available[3] it is available only to correct errors which constitute a complete miscarriage of justice. In *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998), the Fifth Circuit enumerated the threshold requirements which a *coram nobis* petitioner must satisfy to warrant review of his claims.

It is clear that other avenues of review are unavailable. Since Lee did not appeal his conviction, the latest date on which he could have filed a timely § 2255 motion would have been in late April 1999 absent application of equitable tolling. *See* 28 U.S.C. § 2255. It is self-evident from his declaration filed in this action that the statements which he attributes to his trial attorney were made prior to his guilty plea. Further, the record shows that the written judgment entered in the

---

[3]*See e.g. United States v. Frady*, 456 U.S. 152, 166 and 169, at n. 17, 102 S.Ct. 1584, 1593 and 1595 at n. 17 (1982).

criminal case put him on notice that he was subject to removal from the United States in direct contradiction to the alleged statements of counsel. However, this erroneous advice of counsel was not raised as a defense in response to the notice of removal either before the immigration judge or before the BIA. It was not alleged in his § 2241 petition filed in this court. After voluntarily leaving the United States he delayed another three and one-half years before he filed his writ petition.

Given the fact that *coram nobis* relief is available only in extraordinary circumstances to correct errors of the most fundamental character, both the interest in finality of judgments and equitable principles require that the standards for *coram nobis* relief be no less stringent than those imposed on prisoners seeking relief under §§ 2254 and 2255. It is well settled that ignorance of the law is not a justifiable excuse warranting application of equitable tolling in collateral proceedings under these statutes. Moreover an incarcerated prisoner must demonstrate that he has exercised diligence in pursuing relief before equitable tolling would apply.[4] Several of the cases on which he relies provide examples of diligent pursuit of relief. In *United States v. Kwan,* 407 F.3d 1005, 1013 (9th Cir. 2005), the petitioner filed a *coram nobis* proceeding immediately after an immigration judge found him to be subject to removal. In *United States v. Couto,* 311 F.3d 179 (2nd Cir. 2002), the defendant raised the erroneous advice which his attorney provided as an issue in the direct appeal, after his motion to withdraw his plea of guilty was denied by the district court. To allow Lee to pursue *coram nobis* relief despite the protracted delay in seeking the same would undermine the

---

[4]Some cases have applied laches to bar *coram nobis* relief, *e.,g. United States v. Dyer,* 136 F.3d 417, 427-429 (5th Cir. 1998) and *Telink v. United States,* 24 F.3d 42, 47-48 (9th Cir. 1994). However, in light of the fact that *coram nobis* relief is available only "when sound reasons exist for failure to seek appropriate earlier relief," *Morgan, supra,* 346 U.S. at 512, the fact that the passage of time has not precluded the government from being able to try Lee does not satisfy his obligation to have sought relief much earlier. Succinctly stated, application of laches is a sufficient, but not necessary, bar to consideration of a petition for *coram nobis* relief.

weighty interest in the finality of judgments[5] and would ironically, in my opinion, impose a less burdensome showing on his part than that which is demanded of incarcerated persons seeking federal habeas corpus relief.[6]

Aside from Lee's unreasonable delay in seeking *coram nobis* relief there is no showing that his conviction and completed sentence involved errors of the most fundamental character resulting in a complete miscarriage of justice.[7] As he candidly admits in his petition, his *coram nobis* counsel spoke to Mr. Coody who denied that he ever advised Lee as to the immigration consequences which would flow from his criminal conviction. *See* petition at 13-14. However, this contradiction aside, it is clear that no miscarriage of justice has occurred. There is no question about the validity of the statute under which he was convicted. More to the point, there is no doubt about Lee's guilt, given his admission to his involvement in the production and sale of counterfeit goods. *See* n.5, *supra*,

---

[5]Despite the fact that it appears that the government has evidence and witnesses available with which to retry Lee, *See* Steven B. Kleinlein's affidavit executed on April 22, 2009, filed in response to the court's order filed on March 27, 2009, the government would have to produce F.B.I. agents who are no longer assigned to the Dallas office if Lee were tried on a plea of not guilty. Of course, the government would be free to withdraw its prior plea agreement which resulted in Lee avoiding a term of imprisonment. *See United States v. Dyer*, *supra*, 136 F.3d at 428-29. Similarly relief on the *coram nobis* petition would invalidate the prior removal order which would require re-institution of the removal proceedings in the event he was found guilty.

[6]Despite the lengthy sentences and the absence of parole in the federal criminal justice system, there are numerous instances in which federal prisoners who fail to seek relief pursuant to § 2255 in a timely manner are foreclosed from obtaining habeas corpus relief, a far harsher result than being barred from re-entry into the United States.

[7]I am aware that the court in *United States v. Castro*, *supra*, 26 F.3d at 559, found that a finding of ineffective assistance of counsel would entitle a person to *coram nobis* relief. That decision was rendered prior to statutory limitations on the right of incarcerated persons to seek habeas corpus relief, imposed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). However, the court also cited *United States v. Drobny*, 955 F.2d 990, 996 (5th Cir. 1992), for the proposition that the standard for *coram nobis* relief was more "demanding" than the cause and prejudice standard for habeas corpus relief under 28 U.S.C. § 2255.

affidavit of Steven B. Kleinlein.[8]

**RECOMMENDATION**:

Because Lee has neither demonstrated sound reasons for his failure to have sought earlier relief nor shown that his conviction involved an error resulting in a complete miscarriage of justice, his petition for writ of *coram nobis* should be dismissed.

A copy of this recommendation shall be transmitted to counsel for the parties.

SIGNED this 30th day of April, 2009.

Wm. F. Sanderson, Jr.
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

[8]It is indisputable that Lee has suffered a civil disability, to wit: removal from the United States, as a consequence of his conviction.