IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YOUN JAE LEE, | § | |
| | § | |
| Petitioner, | § | |
| | § | Civil Action No. 3:08-CV-2044-D |
| VS. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## **ORDER**

After making an independent review of the pleadings, files, and records in this case, the April 30, 2009 findings, conclusions, and recommendation of the magistrate judge, and petitioner Youn Jae Lee's ("Lee's") May 10, 2009 objections, the court concludes that the findings and conclusions are correct in relevant part. It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted as set forth in this order, and Lee's November 4, 2008 petition for a writ of *coram nobis* is denied.

In denying Lee's petition, the court need not address whether he can satisfy the complete miscarriage of justice standard. The court therefore is not adopting the part of the magistrate judge's findings, conclusions, and recommendation that addresses this requirement.

In adopting the part of the magistrate judge's findings, conclusions, and recommendation that concludes that Lee's petition is untimely because he unreasonably delayed in filing it, the court notes that removal proceedings against Lee were formally initiated in April 2000. Even if Lee was erroneously advised that his criminal conviction was not a crime of moral turpitude that would result in deportation, he should have discovered the possible error in that legal advice by the time the Board of Immigration Appeals ("BIA") affirmed the deportation order in January 2003. Over the

next two years, Lee remained in the United States while he unsuccessfully sought habeas corpus relief under 28 U.S.C. § 2241. During that time, Lee had the opportunity to raise the issue of the conflict between the legal advice he received and the result of his immigration proceedings. *Coram nobis* is an "extraordinary" remedy. *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (internal quotation marks omitted) (quoting *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996)). To obtain this extraordinary relief, a petitioner should at least meet the same standards of diligence as a habeas corpus petitioner. For relief under 28 U.S.C. § 2255, the statute of limitations begins to run from the time the petitioner could have discovered the facts supporting the claim through the "exercise of due diligence." 28 U.S.C. § 2255(f)(4). The error of which Lee complains—the legal advice he received before pleading guilty—occurred in 1998. Due to the deportation order from the BIA in January 2003, Lee, with the exercise of due diligence, should have discovered soon thereafter the potential ineffective assistance of his counsel.

Further, Lee was deported in 2005 and did not file his petition for a writ of *coram nobis* until November 4, 2008. Over three years elapsed as Lee apparently sought legal representation in the United States to continue his case. Lee maintains that he discovered the alleged error in April 2007. It was still over one year later that he finally petitioned for relief in this court. These facts are insufficient to support a finding of reasonable diligence and timeliness in the filing of this petition for such extraordinary relief. As a comparison, habeas corpus relief under § 2255 has a limitations period of just one year. 28 U.S.C. § 2255(f). Lee's explanation that he was ignorant of the law is insufficient to justify the delay in alleging ineffective assistance of counsel: a delay of ten years after his initial conviction, seven years after the order of deportation, five and one-half years after the BIA affirmed that order, and over three years after Lee was deported.

A writ of *coram nobis* cannot be issued without a finding of "sound reasons" for not seeking relief earlier. *See United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) ("The writ will issue only when no other remedy is available and when 'sound reasons exist[ ] for failure to seek appropriate earlier relief.'" (quoting *United States v. Morgan*, 346 U.S. 502, 512 (1954) (alteration in original))). No such reasons exist here. Lee's delay is unreasonable, and his petition is untimely.

Lee's November 4, 2008 petition for a writ of *coram nobis* is denied. His May 10, 2009 request for abatement pending a ruling by the United States Supreme Court is denied as moot.

**SO ORDERED**.

November 10, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE